**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LMP TRUCK & DIRT SERVICES, LLC** **CIVIL ACTION**

**VERSUS** **NO. 25-1052-JWD-EWD**

**SLATS LUCAS AGGREGATES, LLC**

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 14, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LMP TRUCK & DIRT SERVICES, LLC** **CIVIL ACTION**

**VERSUS** **NO. 25-1052-JWD-EWD**

**SLATS LUCAS AGGREGATES, LLC**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand,[1] filed by LMP Truck & Dirt Services, LLC, ("Plaintiff"). The Motion is opposed by Slats Lucas Aggregates, LLC ("Defendant").[2] Because the forum selection clause in the lease agreement between the parties is both mandatory and enforceable, it is recommended[3] that the Motion be granted, and that this case be remanded to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, the mandatory venue agreed to by the parties for disputes arising from the lease.

## I. BACKGROUND

This is an eviction proceeding. Plaintiff owns land in Iberville Parish, Louisiana, that has a limestone supply yard, an offload site, and a haul road. Plaintiff also provides trucking services.[4] Defendant is a supplier of materials, who is engaged in the business of, among other things, processing, marketing, selling, storing, and transporting materials such as coated crushed stone,

---

[1] R. Doc. 6. Plaintiff did not file a reply memorandum.

[2] R. Doc. 10.

[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the distri1ct court subject to *de novo* review.").

[4] R. Doc. 1, ¶ 1; R. Doc. 1-3, p. 1, "Recitals" and p. 8, ¶ 6.6 (November 1, 2018 Second Amended and Restated Lease Agreement ("Lease") between Plaintiff and Defendant). The Lease is the most recent of several entered into by the parties. *Id.* at Recitals.

sand, gravel, aggregate, limestone, *etc.*[5] On November 1, 2018, the parties entered into the Lease, pursuant to which Plaintiff leased its property for an initial five year term to Defendant for Defendant to conduct its business.[6] The Lease granted Plaintiff a right of first refusal to transport materials for Defendant, of which Plaintiff availed itself.[7] Defendant renewed the Lease on April 5, 2023, and at that time, the term was set to expire on October 31, 2028.[8]

On September 5, 2025, Plaintiff demanded that Defendant vacate the premises due to two alleged Lease violations, including Defendant's failure to abide by the Lease provision granting Plaintiff right of first refusal for transporting materials.[9] On September 19, 2025, Plaintiff filed its Rule to Evict Defendant in the Eighteenth Judicial District Court for the Parish of Iberville.[10] The state court set a hearing on October 27, 2025 for Defendant to show cause why it should not be evicted, but before the scheduled hearing the presiding judge recused herself and the hearing was continued.[11] According to the state court record attached to the Notice of Removal, the hearing was reset for December 3, 2025.[12] However, on November 20, 2025, Defendant removed the case to this Court on the basis of this Court's diversity jurisdiction. Twenty-nine days later, Plaintiff filed the Motion, seeking remand because the Lease provides for exclusive jurisdiction in the Eighteenth Judicial District Court, and Defendant waived its right to remove when it entered the

---

[5] R. Doc. 1-3, p. 3, ¶ 3.1 and ¶ 3.2. Defendant is a wholly owned subsidiary of Warren Paving, Inc. ("Warren Paving"). R. Doc. 1-2, ¶ 2 (Affidavit of Joel Moody, Jr., the Vice President of Aggregate Production at Warren Paving). Warren Paving is also the only member of Defendant and was Defendant's predecessor in interest under the Lease. *Id.* at p. 2; R. Doc. 1, ¶ 5.

[6] R. Doc. 1-3, pp. 2-3, and *see* ¶ 2.1.

[7] R. Doc. 1-3, p. 8, ¶ 6.6.

[8] R. Doc. 1-3, p. 3, ¶ 2.2; R. Doc. 1-2, pp. 1-2; R. Doc. 1-4; R. Doc. 6-1, p. 2.

[9] R. Doc. 1-1, p. 20.

[10] R. Doc. 1-1, p. 1.

[11] R. Doc. 1-1, p. 27.

[12] R. Doc. 1-1, pp. 25, 35.

Lease. Defendant contends that the forum selection clause is not exclusive and it did not waive its right to remove when it executed the Lease. The matter is fully briefed and oral argument is unnecessary.

## II. Law and Analysis

### A. Legal Standards

"Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction…."[13] "A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought."[14] "Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction "of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) is between citizens of different States."[15] "The removing party has the burden of proving federal diversity jurisdiction.[16] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[17]

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[14] *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.,* 955 F.3d 482, 485 (5th Cir. 2020), citing 28 U.S.C. § 1441(a).

[15] *Williams v. Biomet Orthopedics, LLC,* No. 16-795, 2017 WL 3713529, at *2 (M.D. La. Mar. 31, 2017), report and recommendation adopted, No. 16-795, 2017 WL 4176480 (M.D. La. Sept. 21, 2017).

[16] *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[17] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

Here, Defendant adequately established, and the parties do not dispute, that this Court has subject matter jurisdiction.[18] However, a party may seek remand based on a defendant's waiver of the right to remove due to operation of a mandatory and enforceable forum selection clause.[19]

The issue before the Court is whether the Lease's forum selection clause is both mandatory and enforceable, such that Defendant waived its right to remove when it agreed to the forum specified in the clause.

**B. The Forum Selection Clause is Mandatory**

The forum selection clause at issue is contained in Section 14.2 of the Lease ("Section 14.2"), which provides:

> 14.2 Governing Law; Venue. This Second Amendment shall be construed as if it was drafted by both of the parties, and the laws of the State of Louisiana, not including its conflicts of law rules which might refer to the laws of another jurisdiction, shall govern the validity, performance, and enforcement of this Second Amendment. **Jurisdiction and venue for disputes shall be the**

[18] Plaintiff is a limited liability company that has one member, Pat Ishmael, a Louisiana citizen. Defendant is also a limited liability company that has one member, Warren Paving, a Mississippi corporation that has principal places of business in Mississippi and California; therefore, the parties are completely diverse. R. Doc. 1, ¶¶ 4-5. In support of the amount in controversy, the Notice of Removal asserted that, "As this Court noted, in an action involving property rights, 'the value to the plaintiff of the right to be enforced or protected determines the amount in controversy.' *Id*. at *3 (quoting *Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724, 727 (5th Cir. 1962)). Thus, in eviction proceedings, it is only necessary to determine the value of the 'right of possession' of the property. *Id*. (quoting *A. Levet Properties Partnership v. Bank One, N.A*., 2003 WL 21715010, at * 2 (E.D. La. 2003)." Defendant alleged that it had paid $5,824.56 in monthly base rent for the lease year that ended in October 2025, and would pay $81,702.16 in "additional" rent for that lease year; Plaintiff derived an additional economic benefit from the Lease due to its right of first refusal to provide transportation services, for which Plaintiff was paid $186,546.17 for the lease year ending in October 2025; the value of the lease to Defendant is greater than $75,000; and in March 2025, Plaintiff notified Defendant that it received a third party offer of $9.1 million to purchase Plaintiff's property. R. Doc. 1, ¶¶ 7-11; R. Doc. 1-2, pp. 2-3, ¶¶ 8-13; R. Doc. 1-6. As each of these valuations indicate that the amount in controversy exceeds the jurisdictional minimum, Defendant adequately established that the requirements of 28 U.S.C. § 1332 were met at the time of removal.

[19] *See, e.g., Argyll Equities LLC v. Paolino,* 211 Fed.Appx. 317, 319 (5th Cir. 2006) (affirming remand of removed case because the parties' mandatory forum selection clause provided for jurisdiction of the courts sitting in Kendall County, Texas, where no federal court sits). *See also Devier Constr., Inc. v. APAC Miss., Inc.,* No.10-984, 2010 WL 2836169, at *1 (E.D. La. July 16, 2010) ("If certain conditions are met, an enforceable forum-selection clause can prevent a defendant from removing a case to federal court even though federal subject-matter jurisdiction otherwise exists.").

**18th Judicial District Courts, Parish of Iberville, State of Louisiana.**[20]

Plaintiff asserts that the United States Court of Appeals for the Fifth Circuit considers a two-prong test to determine whether a forum selection clause should be enforced. The first prong is whether the clause is mandatory (*i.e.*, exclusive), or permissive. Plaintiff argues that a forum selection clause is mandatory only if contains clear language specifying that litigation must occur in the specified forum; use of the word "shall" in a clause typically indicates that it is mandatory; and courts have held that mandatory clauses should not leave any possibility of alternative interpretations, because otherwise, they will be construed to permit other venues of adjudication.[21] Plaintiff contends that Section 14.2 of the Lease is mandatory as well as unambiguous, and should be interpreted in accordance with its plain language. According to Plaintiff, the parties agreed that "[j]urisdiction and venue for disputes," "shall" be in the Eighteenth Judicial District Court, which is unambiguous as to the location of the venue for disputes.[22] Plaintiff argues that other courts have enforced "far more ambiguous" clauses, and have held that venue does not lie in federal court when the forum selection clause at issue does not reference a specific federal district, and when a federal court does not sit in the county referenced in the forum selection clause.[23] Plaintiff argues

---

[20] R. Doc. 1-3, p. 13, ¶ 14.2 (emphasis added).

[21] R. Doc. 6-1, pp. 4-5, citing *Hotel Management of New Orleans, LLC v. General Star Indemnity Co.,* 603 F.Supp.3d 356 (E.D. La. 2022), *Semiconductor Global Solutions v. Capital Asset Exchange and Trading, LLC,* 782 F.Supp.3d 458 (W.D. Tex. 2025), and *Kirkland Properties, LLC v. Pillar Income Asset Management, Inc.*, 481 F.Supp.3d 626 (N.D. Miss. 2020).

[22] R. Doc. 6-1, pp. 5, 7.

[23] R. Doc. 6-1, p. 5, citing *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (holding that a forum selection clause providing that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" was mandatory and required the dispute to be brought in the state district court because federal court venue is not stated in terms of "counties' but as "judicial districts," and the clause referenced a specific county and not a specific judicial district) and *Paolino v. Argyll Equities, L.L.C.*, [No. 05-CA-0342,] 2005 WL 2147931, *3, *6 (W.D. Tex. Aug. 31, 2005) (holding that "*Borrower hereby consents to the exclusive jurisdiction of the courts sitting in Kendall County, Texas, United States of America*…Borrower hereby irrevocably and unconditionally *waives* any defense of an inconvenient forum to the maintenance of any action or proceeding in any such court, *any objection to venue* with respect to such action or proceeding and any right of jurisdiction on account

that Section 14.2 specifically references a specific state court and division for venue, not just a county/parish; Section 14.2 also does not reference a federal judicial district; and, there is no federal court sitting in Iberville Parish or the Eighteenth Judicial District.[24]

Defendant contends that Plaintiff has omitted discussion of cases from within the Circuit holding that language similar to that in Section 14.2 is permissive, not mandatory. Defendant cites *City of New Orleans v. Mun. Admin. Servs., Inc.*, which held:

> **A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another**. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and **must clearly demonstrate the parties' intent to make that jurisdiction exclusive**.[25]

In that case, the Fifth Circuit held that a waiver of jurisdiction must be express and clear, and "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract."[26] Defendant contends that Plaintiff does not argue that the Lease permitted Plaintiff to select the venue, and Section 14.2 does not state that the Eighteenth Judicial District Court is the sole or exclusive venue, nor does it contain an express waiver or other language to "clearly demonstrate" that the parties waived their right to a federal forum. Instead, Section 14.2 reflects that the parties only consented

---

of the place of residence or domicile of any party thereto...." was a mandatory clause requiring venue in "courts sitting in Kendall County, Texas," *i.e.*, the state courts in that county because no federal court sits there) (emphasis in original). *Paolino* was affirmed, sub. nom. in *Argyll Equities, LLC,* 211 Fed. Appx. 317.

[24] R. Doc. 6-1, p. 7.

[25] R. Doc. 10-1, p. 1, citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (emphasis added by Defendant) (holding that a forum selection clause stating: "The undersigned Contractor does further hereby **consent and yield** to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor" was not an unequivocal waiver of the defendant's right to remove and was also susceptible of more than one interpretation, therefore ambiguous and construed against the drafter) (emphasis added). *Id.* at 504-06.

[26] R. Doc. 10-1, pp. 1-2, citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d at 504.

to venue in the Eighteenth Judicial District Court, which is not a waiver of a federal forum per *City of New Orleans v. Mun. Admin. Servs., Inc.*[27]

Defendant asserts that this Court has recognized that the use of the word "shall" does not automatically render a forum selection clause mandatory.[28] Defendant contends that several other cases hold similarly, *to-wit*; *Harry Bourg Corp. v. Gulf S. Pipeline Co., LLC* ("the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana shall be the State court of proper venue and jurisdiction as to resolve any differences between the parties" did not provide for sole and exclusive venue in the state court and therefore did not waive the right to remove);[29] *United States for Use & Benefit of Nottingham Constr. Co., L.L.C. v. Fluor Enters., Inc.* ("[t]his Contract shall be subject to the law and jurisdiction of the State of California" was a clause subject to "opposing, yet reasonable, interpretations;" did not state that California courts had exclusive jurisdiction; and, while it authorized jurisdiction in California, it did not prohibit litigation elsewhere);[30] and *Caldas & Sons, Inc. v. Willingham* ("[t]he laws and courts of Zurich shall be applicable" "does not clearly indicate that the parties intended to declare Zurich to be the exclusive forum for the adjudication of disputes ….").[31] Defendant contends that, for the same reasons as those found in the foregoing cases, Section 14.2 should be found permissive because the clause does not state that the Eighteenth Judicial District court is the sole or exclusive venue, nor is there

[27] R. Doc. 10-1, p. 2.

[28] R. Doc. 10-1, pp. 2-3, citing *Kirkland v. Deluxe Small Bus. Sales, Inc.,* No. 16-73, 2016 WL 9402787, at *1 (M.D. La. July 27, 2016). Defendant incorrectly asserts that Plaintiff relied on *Kirkland v. Deluxe Small Bus. Sales, Inc.* to support remand; rather, Plaintiff's citation is to a different case with a similarly named plaintiff. *See* R. Doc. 6-1, p. 5 citing *Kirkland* ***Properties, LLC***, 481 F. Supp. 3d 626 (emphasis added) (discussed below).

[29] R. Doc. 10-1, p. 3, citing 702 F.Supp.3d 465, 472-73 (E.D. La. 2023) (further holding: "Even if this clause is susceptible to more than one reasonable interpretation, the Fifth Circuit has also concluded that '[t]he very presence of ambiguity indicates that the clause does not contain a 'clear and unambiguous' waiver of removal rights ...'") (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d at 505-06).

[30] R. Doc. 10-1, p. 3, citing No. 07-121, 2007 WL 9706714, at *3 (M.D. La. June 26, 2007).

[31] R. Doc. 10-1, p. 3, citing 17 F.3d 123, 127-28 (5th Cir. 1994).

any language expressly waiving venue elsewhere or "clearly demonstrating" that Defendant waived its right to a federal forum.[32] Lastly, Defendant relies on Lease Section 8.1(2), which provides that in the event of Defendant's default, Plaintiff can file suit "**in a court of competent jurisdiction** as described in Paragraph 14.2."[33] Defendant asserts that Section 8.1(2)'s nonspecific reference to a "court of competent jurisdiction" read in conjunction with the lack of any exclusivity language in Section 14.2 also supports a finding that Section 14.2's forum selection clause is ambiguous, which is another ground to deny enforcement of the clause.[34]

The party challenging a forum selection clause (here, Defendant) has a heavy burden.[35] "Forum selection clauses are presumptively valid, absent a strong showing that such clause should be invalidated. The party seeking to overturn the clause bears the burden to show that enforcement would be unreasonable under the circumstances."[36] Furthermore, "[p]arties to a contract are permitted to select venue indicated by a forum selection clause. A party may waive its rights to

---

[32] R. Doc. 10-1, p. 4, citing the cases above as well as *Burgh Invs., Inc. v. Burk,* No. 24-2339, 2025 WL 843075, at *4 (E.D. La. Mar. 18, 2025) (holding that the language of the forum selection clause did not clearly and unambiguously indicate an intent to make Louisiana state court the exclusive forum because it only indicated a particular procedure to enforce a consent judgment when enforcement was sought in Orleans Parish Civil District Court).

[33] R. Doc. 10-1, p. 4, citing R. Doc. 1-3, p. 10 (emphasis added).

[34] R. Doc. 10-1, p. 5, citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d at 505 (the forum selection clause was not unequivocal so as to constitute a waiver of the defendant's removal rights, and holding, "[a]lthough such a reading is possible, it is not the only plausible reading of the clause . . .") and citing *Superior Lab. Servs., Inc. v. Folse Oilfield, LLC,* No. 13-6609, 2014 WL 793463, at *3 (E.D. La. Feb. 26, 2014) ("Should it be necessary to file any suit to enforce any provisions of this lease agreement, the parties stipulate that proper forum for such proceedings shall be by the 17th Judicial District Court, Lafourche Parish, Louisiana" could be interpreted as either mandatory or permissive, as well as ambiguous, and was construed against the plaintiff as the drafter of the clause and in favor of the defendant's right to remove) (other citations omitted).

[35] *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 17 (1972). As Defendant also has the burden of establishing that removal was proper, Defendant has a doubly difficult task here.

[36] *St. Tammany Parish School Board v. Siemens Indus., Inc.,* No. 14-1881, 2014 WL 4425791, at *1 (E.D. La. Sept. 8, 2014), citing *M/S Bremen,* 407 U.S. at 11 and *Calix–Chacon v. Global Intern., Marine, Inc.,* 493 F.3d 507, 514 (5th Cir. 2007).

remove an otherwise properly removable case by establishing an exclusive venue within the contract."[37]

"Under Fifth Circuit precedent, when determining whether a forum selection clause in a contract will require the parties to litigate in the named forum, *i.e.*, is mandatory and enforceable, a two-step inquiry is undertaken."[38] "First, the court looks to see whether the forum selection clause is mandatory or permissive. If mandatory, then the court must determine whether it is enforceable."[39]

Section 14.2 of the Lease provides as follows: "Jurisdiction and venue for disputes shall be the 18th Judicial District Courts, Parish of Iberville, State of Louisiana."[40] While other district courts have considered similarly worded forum selection clauses and found them permissive,[41] the weight of controlling authority holds that, regardless of whether "exclusivity" language is present,[42] forum selection clauses are mandatory when they couple use of an obligatory term, *e.g.*,

---

[37] *St. Tammany Parish School Board,* 2014 WL 4425791, at *1 citing, *e.g., City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504.

[38] *Kirkland Properties, LLC,* 481 F. Supp. 3d at 629, citing *Bentley v. Mutual Benefits Corp.*, 237 F.Supp.2d 699, 701 (S.D. Miss. 2002) (citing *Caldas & Sons, Inc.,* 17 F.3d at 127).

[39] *Kirkland Properties, LLC* at *id.*

[40] R. Doc. 1-3, p. 13, ¶ 14.2 (emphasis added). As noted by the Fifth Circuit in *PCL Civil Constructors, Inc. v. Arch Insurance Co.,* 979 F.3d 1070, 1073 (5th Cir. 2020), "When interpreting the words in a forum selection clause, '[a] federal court sitting in diversity applies the forum state's choice-of-law rules to determine which substantive law will apply." *Weber*, 811 F.3d at 770. Here, we do not undertake a choice-of-law analysis because the parties do not appear to dispute that Louisiana law governs the interpretation of the contracts in this case." Likewise, here, the parties do not dispute that Louisiana law governs the interpretation of the words in the forum selection clause, which is also specifically provided for by Section 14.2. R. Doc. 1-3, p. 13.

[41] *See Superior Lab. Servs., Inc.,* 2014 WL 793463, at *3 ("Should it be necessary to file any suit to enforce any provisions of this lease agreement, the parties stipulate that proper forum for such proceedings shall be by the 17th Judicial District Court, Lafourche Parish, Louisiana" was ambiguous and permissive).

[42] *City of New Orleans v. Mun. Admin. Servs., Inc.*, relied on by Defendant, held that, for a forum clause to be exclusive, "it must clearly demonstrate the parties' intent to make that jurisdiction exclusive." 376 F.3d at 504. Both the Supreme Court and the Fifth Circuit have held that forum selections clauses without exclusivity language still mandated exclusive venue. Furthermore, in *St. Tammany School Board*, the Eastern District of Louisiana rejected the argument that *City of New Orleans v. Mun. Admin. Servs., Inc.* requires exclusivity language, *see* 2014 WL 4425791 at *2 ("City of New Orleans distinguishes between consent to personal jurisdiction and a forum selection clause. It does not, however, stand for the narrow proposition that a forum selection clause establishes exclusive venue only if some

"shall," with a specifically designated court or the courts located in a particular locale.[43] In *M/S Bremen v. Zapata Off-Shore Co.,* the United States Supreme Court held that: "Any dispute arising **must** be treated **before the London Court of Justice**" was "clearly mandatory and all-encompassing").[44] Notably, in *Keaty*, the Fifth Circuit held that a forum selection clause providing that: "[t]his agreement shall be construed and enforceable according to the law of the State of New York **and the parties submit to the jurisdiction of the courts of New York"** did not constitute a mandatory forum selection clause, because, unlike the *M/S Bremen* clause, the *Keaty* clause did not "present a situation where the contract, on its face, clearly limits actions thereunder to the courts of a specified locale."[45] In *Caldas & Sons, Inc.,* the Fifth Circuit reaffirmed *Keaty,* holding that "this is not a situation where the contract, on its face, clearly limits actions thereunder to the courts of a specified locale.' Our *Keaty* opinion indicated that language similar to that presented to the Supreme Court in *M/S Bremen* is the kind required for a court to find an unambiguous, mandatory forum selection clause."[46]

---

iteration of the word 'exclusive' is employed. In fact, the court contrasted the clause consenting to personal jurisdiction with a valid venue selection clause that waived the right to removal: 'The contractor hereby consents to and stipulates to the personal jurisdiction and venue of the Civil District Court for the Parish of Orleans, Louisiana in any litigation brought under this Article.' *Id.* at 505 (citing *City of New Orleans v. Nat'l Serv. Cleaning Corp.,* No. 96–1601, 1996 WL 419750, at *1 (E.D. La. July 24, 1996)).").

[43] *See EPC HealthCare LLC v. CircleLink Health, Inc.,* No. 19-625, 2020 WL 9264990, at *4 (W.D. La. Jan. 7, 2020), report and recommendation adopted sub nom. *E P C Healthcare LLC v. CircleLink Health LLC,* No. 19-625, 2020 WL 13555335 (W.D. La. Feb. 26, 2020)("*In Interactive Music Technology,* the district court set forth a review of Fifth Circuit cases holding that the combination of specified venue and obligatory language is a "powerful combination…") (and citing *Interactive Music Technology, LLC v. Roland Corp. U.S.*, No. 07-282, 2008 WL 245142, *4 (E.D. Tex. Jan. 29, 2008) ("... the Fifth Circuit and District Courts within the Circuit have consistently found that **specified venue in conjunction with obligatory language** (such as the term "shall") in a forum selection clause mandates venue wherever specified.")(string cite omitted) (emphasis added by *EPC HealthCare LLC*).

[44] 407 U.S. at 20 (emphasis added).

[45] 503 F.2d 955, 956–57 (5th Cir. 1974), citing the clause *above* from *M/S Bremen*.

[46] 17 F.3 at 128, citing *Keaty*, 503 F.2d at 956. That said, the year after *Caldas & Sons, Inc.,* the Fifth Circuit held that a clause that provided: "**The legal venue** of this contract and any disputes arising from it **shall be settled in Dallas County, Texas**" was "valid and enforceable," despite specifying only a county, and not a court within that county. *See Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 14-15 (5th Cir. 1995) (emphasis added).

Like *M/S Bremen*, Section 14.2 of the Lease clearly limits actions regarding the Lease to a court of specified locale. A relatively recent Fifth Circuit case cited by Plaintiff, *PCL Civil Constructors, Inc*., found that a similar clause was mandatory and enforceable. In that case, the clause provided that "any litigation arising under or related to the contract or the bidding or award thereof *shall* be instituted **in the 19th Judicial District Court** in and for the Parish of East Baton Rouge, State of Louisiana." The Fifth Circuit found that the forum selection clause was mandatory, noting that "[u]nder Louisiana law, the word 'shall' is routinely construed as mandatory."[47] District courts in the Circuit have held similarly, *e.g*., *St. Tammany Parish School Board,* ("[Any claims arising out of this Agreement, or the interpretation of any portion of this Agreement, **shall be undertaken in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana**"…"In this context, 'shall' is imperative or mandatory."),[48] and *Kirkland Properties, LLC,* ("Unless other [sic] agreed, any litigation between the parties under this Agreement **shall be conducted in a court of competent jurisdiction in Madison County, Mississippi**").[49]

Forum selection clauses "consenting to" and "stipulating to" venues, which are less obligatory phrases than "shall" and "must," have also been found mandatory, *see City of New*

[47] 979 F.3d at 1072-73 (citation omitted) (italicized emphasis added by *PCL Civil Constructors, Inc*; bolded emphasis added herein).

[48] 2014 WL 4425791, at *1-2 (emphasis in original but modified).

[49] 481 F.Supp.3d 628, 630 (italicized emphasis in original but modified to bolded emphasis). Defendant's other authority is distinguishable. Two of Defendant's cases found that forum selection clauses were permissive but they contained only generalized locations, *i.e.*, *United States for Use & Benefit of Nottingham Constr. Co., L.L.C.,* 2007 WL 9706714, at *3 ("[t]his Contract shall be subject to the law and jurisdiction of the State of California") and *Caldas & Sons, Inc.,* 17 F.3d 123, 127-28 ("[t]he laws and courts of Zurich shall be applicable"). These cases did not reference specific courts or courts in a specific locale. *Kirkland v. Deluxe Small Bus. Sales, Inc.,* 2016 WL 9402787, at *1 involved a clause that did not contain obligatory language as to the required forum, a reference to a court, or a reference to a dispute arising under the contract*, i.e.,* "[t]his Agreement shall be governed by the laws of the State of Minnesota (without regard to principles of conflict of laws), with venue and jurisdiction in Ramsey County, Minnesota." In *Harry Bourg Corp.,* 702 F. Supp. 3d 465, 472-73 the language at issue ("the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana shall be the State court of proper venue and jurisdiction as to resolve any differences between the parties"did not unequivocally waive the right to remove a case to federal court, but simply provided the proper venue for suits in state court.

*Orleans v. Nat'l Serv. Cleaning Corp.,* (forum selection clause which provided that "[t]he contractor hereby **consents to** and **stipulates to** the personal jurisdiction and venue of the **Civil District Court for the Parish of Orleans**, Louisiana in any litigation brought under this Article" held mandatory)[50] and *Russell v. BSN Medical, Inc.,* ("In addition, you [referring to the plaintiff] and BSN irrevocably **consent** to the jurisdiction of **the courts of North Carolina** for all cases and actions involving this Agreement" held mandatory).[51]

Consistent with the weight of the foregoing authority, Section 14.2 of the Lease reflects the parties' agreement to a mandatory venue for Lease disputes in a specifically identified, unambiguous court, which is the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.[52] Therefore, the first prong of the two-part test is satisfied.

### C. The Forum Selection Clause is Enforceable

Plaintiff asserts that the second prong of the applicable test is whether the clause is enforceable. Plaintiff argues that forum selection clauses like Section 14.2 are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."[53] Plaintiff contends that Defendant did not reference the forum selection clause at all in the Notice of Removal, must less assert that it is unreasonable.[54] Defendant did not address this argument.

[50] No. 96-1601, 1996 WL 419750, at *1, *3 (E.D. La. July 24, 1996), as amended (Oct. 4, 1996) (emphasis added).

[51] No. 09-314, 2009 WL 10669157, at *3, *6 (W.D. Tex. July 10, 2009) (emphasis added).

[52] The language of Section 14.2 is not ambiguous. Section 8.1(2)'s reference to "a court of competent jurisdiction as described in Paragraph [Section] 14.2" does not render Section 14.2 ambiguous. Section 8.1(2) simply refers to the court described in Section 14.2, *i.e.*, the Eighteenth Judicial District Court.

[53] R. Doc. 6-1, pp. 4, 7, citing *Bruckner Truck Sales, Inc. v. Hoist Liftruck Mfg., LLC*, 501 F. Supp. 3d 409 (N.D. Tex. Nov. 19, 2020) and *PCL Civil Constructors, Inc.*, 979 F.3d 1070.

[54] R. Doc. 6-1, pp. 4, 8-9.

"Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases."[55] "Under federal law, … this court "applies a strong presumption in favor of the enforcement of mandatory [forum selection clauses]."[56] "When 'a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable.'"[57]

> A party may show the disputed clause is unreasonable if
>
> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[58]

Defendant did not address the second prong in its opposition memorandum or present any argument that supports a finding that Section 14.2 of the Lease is unreasonable. Additionally, on independent review, none of the above factors applies to render Section 14.2's forum selection clause unenforceable. The Eighteenth Judicial District Court is not an inconvenient or unfair forum,[59] nor would litigating there contravene the public policy of the State. Therefore, the second

---

[55] *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399-401 (5th Cir. 2008).

[56] *PCL Civil Constructors, Inc.,* 979 F.3d at 1074, citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)), and *Weber v. PACT XPP Techs., AG,* 811 F.3d 758, 773 (5th Cir. 2016).

[57] *PCL Civil Constructors, Inc.,* 979 F.3d at 1074, citing *Ginter,* 536 F.3d at 441.

[58] *PCL Civil Constructors, Inc.,* 979 F.3d at 1074, citing *Haynsworth*, 121 F.3d at 963 (other citations omitted).

[59] According to the Rule to Evict, the property that is the subject of the Lease, and where Defendant conducted its business, is located in Iberville Parish. R. Doc. 1-1, p. 1, ¶ II.

prong of the two-part test is also satisfied. Defendant has failed to sustain its heavy burden to show that Section 14.2 should not be enforced.[60]

## III. RECOMMENDATION

Although complete diversity of citizenship exists and the amount in controversy requirement is met, the case was improperly removed to this Court because Section 14.2 of the parties' Lease provides for exclusive venue in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana. Because Section 14.2 is both mandatory and enforceable, Defendant waived its right to remove the case to this Court.

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[61] filed by Plaintiff LMP Truck & Dirt Services, LLC, be **GRANTED,** and that this case be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.

Signed in Baton Rouge, Louisiana, August 14, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[60] *PCL Civil Constructors* says "in a typical case involving a mandatory, enforceable forum selection clause, we would 'review for abuse of discretion the district court's use of *Atlantic Marine*'s balancing test' of public-interest factors. *Weber* [v. *PACT XPP Techs., AG*, 811 F.3d [758] at 766 [(5th Cir. 2016)]. However, PCL does not challenge the district court's balancing of the public-interest factors and thus waives this argument on appeal. *United States v. Young*, 872 F.3d 742, 747 (5th Cir. 2017)." 979 F.3d at 1074. According to *Weber*, *Atlantic Marine* specified that the proper mechanism to enforce a forum selection clause that calls for litigation in a domestic state court or in a foreign court is through a motion to dismiss on grounds of *forum non conveniens*. 811 F.3d at 766, citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 571 U.S. 49, 59 (2013) Although this case does not involve a motion to dismiss for forum non conveniens, to the extent balancing of public interest factors is proper on a motion to remand under *Atl. Marine*, the parties did not address those factors, and Defendant has the burden of proof.

[61] R. Doc. 6.